Table Mountain Rancheria Your honors good morning, and may it please the court my name is Brian Layton on behalf of the plaintiffs and appellants in this matter I'd like to reserve approximately half my time for rebuttal I Had 20 minutes prepared, but the court recently has reduced it to 10 minutes, and there's The court obviously has good reasons, so I don't know exactly what the court Wishes me to focus on but counsel if it will help you I guess since the litigation commenced our Court decided Lewis versus Norton, and it seems to me You've got the laboring or here to convince us why that case does not control the disposition of this case That's why we shorten the okay the time of the argument. I thought that might be one of the reasons Your honor in Lewis versus Norton. It was not a suit against the tribal was not a suit against the class plaintiffs who? Represented the tribe in the 1980 Table Mountain versus Watts action It was a suit by three people who believed that they were should be members of the tribe Who sought to order or request the court to order the Bureau of? Indian Affairs to order the tribe to comply with their Constitution The District Court judge Carlton in that case was very upset with the tribe, but said it had no jurisdiction it went to the to a panel of this court and on that basis they were also Lamenting they were deeply troubled by that matter, but said that they had no jurisdiction they said that Quoting the Lewis court quote Table Mountains Rancher is waiver of sovereign immunity in 1983 to obtain federal recognition of the tribe and its membership role at that time Did not constitute a waiver of the tribe sovereign immunity in perpetuity for the resolution of all claims to tribal membership They also in ruling that the tribe had not waived sovereign immunity cited McClendon but if I can state that in McClendon it was a ten years Before there was an earlier waiver of sovereign immunity by the tribe that dealt with an ownership dispute in land The Lewis McClendon the Lewis court Describing McClendon held that the tribe had waived sovereign immunity for purposes of establishing its interest in the land But did not waive it for purposes of a resolution of later disputes to enforce a lease That then went on to hold that based upon how Lewis was pled We were trying to fight over something different than what? Table Mountain versus watt decided in this case It is different This case is not only suing the tribe It is back before the same court that determined Table Mountain versus watt the Lewis case was filed in the Eastern District of California That did not originally hear the table. Let me let me let me ask it directly Okay, I read Lewis versus Norton to say that we do not have jurisdiction Over the relief that you are requesting that we order the tribe to admit Your plaintiffs as members of the tribe. Why does that case not control this case on that point? Your honor. It's spelled out primarily in our reply brief What we are requesting the court in this case for purposes of the tribe not for purposes of the class plaintiffs That were in the Table Mountain versus watt case without regard to who the parties are The question is one of the authority of a federal court to tell a sovereign Indian tribe Who its members are going to be and in Lewis versus Norton our panel pretty clearly said It may result in some unfairness here There may be some people out there who should be getting Their share of the proceeds of the casino operation and the profitable tribal enterprise here But we don't have the power to order the tribe to admit them to membership so that they can get access to their share of the tribal assets So I'm what I'm that's the question right isn't it? Well what I'm asking the court is that is the comfortable road to take that's the easy road Controlling, but it is not the justicable rule before you before you get to that point. Do you agree that? We do not have subject matter jurisdiction to order the tribe to Enroll certain people now. I know you have Waiver arguments, and you have other arguments, but do you agree with that principle and aren't we bound by that statement in? Lewis against Norton Under this if it were the same facts as Lewis versus Norton yes, I would agree with the court What we are not you're talking about facts. I'm talking about a proposition of law Does the federal court have subject matter jurisdiction to order a tribe to enroll people? Your honor this court does under the courts Jurisdiction and the district courts jurisdiction in Table Mountain versus Watt Table Mountain versus Watt and the class plaintiffs sought two things Restore us as a federally recognized tribe That happened and Provide to our class plaintiffs the status as Indians Status as Indians under 25 USC section 450 Necessarily means membership in a tribe in the Government's complaint Er 71 paragraph 36 of the Table Mountain versus Watt complaint it Requested declaratory and injunctive relief the duty owed to the Association of Table Mountain and its constituent members Status as Indians means recognition of an Indian tribe to begin with which they got in the 1980 versus Watt action and Membership in an Indian tribe recognized by the federal government They got both of those in Table Mountain versus Watt The problem is the class plaintiffs then Took it upon themselves to determine who had the status as Indians our clients didn't we are bound by the Table Mountain versus Watt decision and as the Circular the publication that went out to certify the class and certify the settlement entered into between the government the tribe and the named class plaintiffs Who represented us and the defendants don't dispute it? We were members of that class Because we were heirs of distributies We were dependent members or we were offspring of dependent members all of those were to have their Indian status restored Under the act and that action was brought in 1980 in 1975 subject matter Jurisdiction to answer judge our cones question Then we don't have the authority to order the relief that you're seeking even if we accept your argument that they are How would I put it? pretermitted beneficiaries of the prior litigation Either we have the power or we don't and if we don't have the power then we can't afford the relief that you request Your honors if you ordered The parties Who are now the parties before this court, which were the same parties? That were parties in the Table Mountain versus Watt case to provide My clients the same relief that the plaintiffs the name plaintiffs received in that case We don't have the power. It is an order void We simply cannot do it the problem with Your attempt to answer my question and respectfully. I don't think you did I asked you to discuss Lewis against Norton, which which also discussed the Watt case Instead you talked about the Watt case, which you please Answer my question Doesn't Lewis against Norton Make the law of the circuit that we have no subject matter jurisdiction Lewis versus Morton said Lewis versus Norton was a case against the Bureau of Indian Affairs To order the Bureau of Indian Affairs to recognize my clients as members The court even lamented in that case. We had not sued the tribe in that particular action So that decision was never Determined it was not the case before the same court where the tribe Waves sovereign immunity went in and sought relief on behalf of my clients. We never got the relief others did That is why it's different Lewis versus Norton was not a suit against tribe and the government said we can't order The government the agency to order that the tribe admit us as members That is a different question than the one that we are posing here is to order the tribe and the class-action plaintiffs to give us the same relief that was given in the resolution in 1983 now if they say okay, we will restore your Indian status and As if that's the best the court can do We want the same relief because right now the government doesn't even recognize us as Indians. Oh Yeah, when we fill out the consensus form every 10 years we put Native Americans, but we have no ability We have no rights whatsoever Because we our status as Indians has not been restored. I Wanted the maximum participation To be recognized as a member of an Indian tribe that's federally recognized All the court has to do is to order the defendants to comply With the order approving the class settlement Pursuant to 23 a e to provide us the same relief that the name class plaintiffs received With respect to our suit against the named class plaintiffs from there. They cannot receive a benefit Greater than what the who they represent received. They did receive a greater benefit. They breached their fiduciary obligation they breached their Obligations under the class-action rules that they Necessarily have to treat us the same as those that are being that are named as plaintiffs Yeah, your time has expired. Thank you May it please the court Catherine Barton for the United States. I have with me at council table Paula Yost who is counsel for the non-federal Apoese is available if there are any questions appropriate for her It is our position that this case is determined by the decision in Lewis versus Norton I mean Lewis pick the watt the issue of the watt settlement was raised in Lewis versus Norton And it's its potential impact you know any any potential deviation from the traditional law subject matter jurisdiction and sovereign immunity waiver and So the Lewis court actually directly addressed the watt settlement and held that the tribe had not waived its sovereign immunity in that settlement with respect to future membership disputes and Dismissed the United States are on that basis Because the United States didn't doesn't have any power to do anything about to order tribal membership And the same reasoning would apply here with the individual defendants There's nothing they can do in the absence of the tribe or even in the presence of the tribe because the tribe hasn't waived It's sovereign immunity. I mean and there is no subject matter jurisdiction Just to maybe Make clear that Even despite this clear law, there's no cause for concern about what the watt settlement did Make a couple of other points unless you really want me to sit down Okay The watt case it was brought by the Rancheria and The Indians who lived on the Rancheria against the federal government and the only dispute was between Was against the federal government there wasn't any dispute between the tribe and its members so that there wasn't any membership Dispute going on and the what the watt settlement Understandably did not address a Problem that wasn't raised in the watt litigation I mean, that's the reason why the tribe the tribe didn't waive its sovereign immunity and why it wasn't sued by its members It sued it sued us and there weren't any cross claims against it by its members So it there was no question of membership involved. It was only trying to unwind what had been done by the California Rancheria Act in 1958 which was to take trust status away from the lands take away that there and the recognition of the individuals as Indians and the The tribe as a federally recognized entity in fact the settlement itself states in paragraph three the exact language is that the Status of the these the class members as Indians under the laws of the United States is Confirmed but the laws of the United States do not determine tribal membership. I mean that is the holding of Santa Clara Pueblo versus Martinez and Lewis versus Norton is there isn't any it's a tribal It's tribal law that governs membership. So the what the what? settlement by its very terms only pertain to Tribal any any Indian status under the laws of the United States, which cannot be conferred by the membership cannot be conferred Do you consider that as meaning that? the members who are now members of the Indian tribe could get federal benefits At at at the time in the settlement It meant that they could have land held in trust for them and that they could qualify For benefits that were available to Indians There are benefits that are available to Indians without having tribal status or if they were a membership status in a tribe or if they were members of a tribe would qualify for those benefits, but But the membership question always depended on the tribe the Indian statuses only goes to the extent that the United States has any power to determine who is an Indian and That power does not extend to tribal membership You know as we've both of our briefs explain also it just would have been Almost unthinkable that the tribe in bringing an action to have its sovereign immunity reinstated Would have waived its most fundamental Aspect of sovereign immunity, which is that it can determine who it associates with who its members are and to have turned that over to the courts in a settlement or To the United States to the Interior Department is is really unthinkable And of course at the time Santa Clara versus Pueblo versus Martinez had already been decided There was no subject matter jurisdiction over the courts to determine tribal membership and You parties can't confer that subject matter jurisdiction on the court. So the settlement couldn't have included Allowed the courts to address tribal membership because they didn't have the subject matter jurisdiction to do so they don't now and they didn't then So those are Essentially my points if there are any questions We also have do we not that the temporal problem in that the settlement itself had a one-year Yes, it could be enforced if we got to the point of any Past subject matter jurisdiction the settlement itself was limited to one year and that you know that made sense It did not envision of ongoing Enforcement over the tribes the tribe hadn't even developed a constitution within one year You know the membership Criteria were still being developed in 85 assume there was no casino at that time. I Well, they would have to have been a federally recognized tribe to get a casino I don't actually remember when even when the statute was passed or when they got their casino in it. No need that but Okay Thank you. I'll give you a minute rebuttal. That's really Your Honor regarding the one-year rule Stated in our complaint. We never got received notice of the class certification We never received notice of the proposed settlement of giving us the right to object They just ignored us because there was a collection a collective little band of These little name plaintiffs and their friends their favorite relatives to decide who was going to be members and they wanted to keep everything to themselves One year we didn't know about and how would we know whether or not our status as Indians were restored How do we know that? they claim that Council claims that it was brought by the tribe and by inhabitant Individuals as Indians we're talking about a 15 acre parcel yet when they got the class Certification they said that the people that they are protecting are the ones that are scattered all over and they're so numerous We don't know who they are What do they got now that got 74 members so much for numerosity, but that's what they claimed There was no reason for it to be a class certification of Distribute ease and dependence If it was isolated to only those that lived on the reservation because they also included offspring and they also said they were so numerous I Know jobs in those schools What we want is the same thing that they got in Table Mountain versus Thank you very much counsel. The case just argued is submitted and we will be in recess until 9 o'clock tomorrow morning
judges: Alarcon, Thompson, Tallman